UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| Voltage Pictures, LLC,          ) | |
|          ) | |
|      Plaintiff,       ) | Law No. 1:10-cv-00873-RMU |
|          ) | |
| vs.          ) | |
|          ) | |
| DOES 1-5,000,      ) | **MEMORANDUM OF LAW IN SUPPORT** |
|          ) | **OF MOTION TO QUASH SUBPOENA** |
|      Defendant.    ) | |
|          ) | |

John Doe, by and through his attorneys, Lane & Waterman LLP, submits the following Memorandum of Law in Support of his Motion to Quash Subpoena:

**TABLE OF CONTENTS**

I.      **INTRODUCTION**.................................................................................1

II.     **THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA LACKS PERSONAL JURISDICTION OVER JOHN DOE**...........2

III.    **THE SUBPOENA IS VOID BECAUSE IT IS PROCEDURALLY DEFECTIVE**....3

       A.      **The Subpoena Fails under Federal Rule of Civil Procedure 45(b)(2)**...........3

       B.      **The Subpoena Fails for Insufficiency of Service**......................................4

IV.     **CONCLUSION**...................................................................................5

**I.      INTRODUCTION**

On September 21, 2010, Plaintiff Voltage Pictures, LLC ("Voltage") faxed a subpoena issued pursuant to a Court Order by the United States District Court for the District of Columbia to Internet Service Provider Mediacom Communications Corporation ("Mediacom"). The subpoena directs Mediacom to produce the name, address, telephone number, e-mail address and Media Access Control address of all individuals whose IP addresses are listed in an attachment

to the subpoena, including John Doe's IP address: 173.31.18.31. On October 18, 2010, John Doe

received notice of the subpoena from Mediacom's Deputy General Counsel, alerting him that

Voltage was seeking the disclosure of John Doe's identity, address and other information listed

above and that the information would be revealed unless John Doe challenged the subpoena

within 30 days from the date of the notice. *See* Notice Regarding Disclosure of Subpoena,

attached hereto as Exhibit A.

## II.   THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA LACKS PERSONAL JURISDICTION OVER JOHN DOE

The District of Columbia's long arm statute permits the exercise of personal jurisdiction

to the full extent permitted by the Due Process Clause of the Constitution. *Atlantigas Corp. v.*

*Nisource, Inc.*, 290 F.Supp.2d 34, 43 (D.D.C. 2003). District of Columbia courts note that "[t]he

constitutional touchstone of the due process determination is 'whether the defendant purposefully

established minimum contacts in the forum state.'" *Nat'l Resident Matching Program v.*

*Electronic Residency LLC*, 2010 WL 2657443, *3 (D.D.C. 2010) *quoting Asahi Metal Indus. Co*

*v. Superior Court*, 480 U.S. 102, 108-09 (1987). District of Columbia courts also look to

whether the defendant "'purposefully availed itself of the privilege of conducting business in the

forum state' and whether the defendant's conduct in connection with that forum is such that it

'should reasonably anticipate being haled into court there.'" *Id. quoting Burger King Corp. v.*

*Rudzewicz*, 471 U.S. 462, 474-75 (1985).

In this case, John Doe resides in Davenport, Iowa and has never lived, worked, or used

any internet service in the District of Columbia. Nor has John Doe conducted any business in the

District of Columbia. Thus, John Doe has not had sufficient contact with the District of

Columbia to indicate that he "purposefully established minimum contacts in the forum state" that

would subject him to personal jurisdiction. *Asahi Metal Indus. Co.*, 480 U.S. at 108-09. John

2

Doe's lack of any ties to the District of Columbia further indicates that he has not "purposefully availed [himself] of the privilege of conducting business" there. *Burger King Corp.*, 471 U.S. at 474-75. Consequently, it cannot be said that John Doe should reasonably anticipate being haled into court in the District of Columbia, a forum hundreds of miles from John Doe's home and place of business. Thus, the United States District Court for the District of Columbia lacks personal jurisdiction over John Doe.

## III.   THE SUBPOENA IS VOID BECAUSE IT IS PROCEDURALLY DEFECTIVE

### A.   The Subpoena Fails under Federal Rule of Civil Procedure 45(b)(2)

Federal Rule of Civil Procedure 45(b)(2) provides that a subpoena may be served:

(A) within the district of the issuing court;

(B) outside that district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection;

(C) within the state of the issuing court if a state statute or court rule allows service at that place of a subpoena issued by a state court of general jurisdiction sitting in the place specified for the deposition, hearing, trial, production, or inspection; or

(D) that the court authorizes on motion and for good cause, if a federal statute so provides.

The subpoena at issue in this case is not in compliance with any of the four descriptions set forth in Rule 45(b)(2). The subpoena fails under subsection (A) because the subpoena was not served in the District of Columbia. Furthermore, the subpoena specifies the Washington D.C. law offices of Dunlap, Grubb & Weaver as the place for production. Consequently, the subpoena fails under subsection (B) because it was not served within 100 miles of Washington, D.C., the place specified for production. Additionally, subsections (C) and (D) are inapplicable under these circumstances. Because none of the four subsections provided for in Federal Rule 45(b)(2) exist, Plaintiff's subpoena fails for lack of jurisdiction.

**B.      The Subpoena Fails for Insufficiency of Service**

Federal Rule 5(b)(2) provides that a paper is properly served by:

(A) handing it to the person;

(B) leaving it:

> (i) at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or

> (ii) if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;

(C) mailing it to the person's last known address – in which event service is complete upon mailing;

(D) leaving it with the court clerk if the person has no known address;

(E) sending it by electronic means if the person consented in writing — in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served; or

(F) delivering it by any other means that the person consented to in writing — in which event service is complete when the person making service delivers it to the agency designated to make delivery.

In this case, Mediacom was served with the subpoena on September 21, 2010 by facsimile.  The Federal Rules stated above do not authorize facsimile transmission as an adequate method of service, which must be accomplished in person, through the certified mail or by electronic means with consent.  Consequently, Plaintiff's subpoena fails for insufficient service of process.

## IV.    CONCLUSION

WHEREFORE, for the reasons set forth above, John Doe respectfully requests that the

Court quash the subpoena as it pertains to John Doe.

LANE & WATERMAN LLP

By: _____

April A. Marshall (AT0009604)
220 North Main Street, Suite 600
Davenport, IA 52801
Telephone: (563) 324-3246
Facsimile:  (563) 324-1616
Email: amarshall@l-wlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on November 3, 2010, by U.S. Mail:

Nicholas A. Kurtz
**Dunlap, Grubb & Weaver, PLLC**
1200 G. Street, NW, Suite 800
Washington, DC  20005
Tel:  877-223-7212
Fax:  866-874-5101

Bruce Gluckman
Deputy General Counsel
**Mediacom Communications Corporation**
100 Crystal Run Road
Middletown, NY  10941
Tel:  845-695-2650
Fax:  845-695-2669

By: _____

6



October 18, 2010

**Bruce Gluckman**
*Deputy General Counsel*



IP Address: 173.31.18.31 and Hit Date: 6/12/2010 4:26:55 AM

### READ AT ONCE
NOTICE REGARDING ISSUANCE OF SUBPOENA
SEEKING DISCLOSURE OF YOUR IDENTITY

    A legal document called a subpoena has been sent to your Internet Service Provider, Mediacom, requiring the disclosure of your name, address and other information. The subpoena was issued pursuant to a Court Order in a lawsuit pending in the United States District Court for the District of Columbia.

    Plaintiff has filed a lawsuit alleging that various people have infringed its copyrights by illegally downloading and/or distributing the movie "Hurt Locker." However, the Plaintiff does not know the actual names or addresses of these people – only the Internet Protocol address ("IP address") of the computer associated with the illegal activity.

    Accordingly Plaintiff has filed its lawsuit against anonymous "John Doe" defendants and issued subpoenas to various Internet Service Providers to determine the identity of these people. If you are receiving this notice, that means the Plaintiff has asked your Internet Service Provider to disclose your identification information to it, including your name, current (and permanent) addresses, and your email address and Media Access Control number. Enclosed is a copy of the subpoena seeking your information and the exhibit page containing the IP address that has been associated with your computer and showing the date and time you are alleged to have used the Internet to download or upload the particular movie.

    This is a civil lawsuit, not a criminal case. You have not been charged with any crime. If the Plaintiff receives your information from your Internet Service Provider, you will likely be added as a named defendant to the lawsuit.

INFORMATION ABOUT YOU HAS NOT YET BEEN DISCLOSED, BUT IT WILL BE DISCLOSED IN 30 DAYS IF YOU DO NOT CHALLENGE THE SUBPOENA.

> **EXHIBIT**
>
> tabbies
>
> *A*

Your identifying information has not yet been disclosed to the Plaintiff.

    This notice is intended to inform you of some of your rights and options. It does not provide legal advice. We cannot advise you about what grounds exist, if any, to challenge this subpoena. If you would like legal advice you should consult an attorney. On the following pages of this notice you will find a list of resources that may help you locate an attorney and decide how to respond to the subpoena or lawsuit.

If you want to prevent being identified, you have 30 days from the date of this notice to file a motion to quash or vacate the subpoena. You must also notify your ISP. If you need more than 30 days to file such a motion or find a lawyer to assist you, you can file a motion asking for an extension of time; you should notify your ISP if you file a motion asking for more time.

If you file a motion to quash the subpoena, your identity will not be disclosed until the court makes a decision on your motion. If you do nothing, then after 30 days your ISP will be compelled to send the Plaintiff your name, address, email address, telephone number, and your modem's Media Access Control number.

You may wish to obtain an attorney to advise you on these issues or to help you take action.

To help you find a lawyer, the American Bar Association's attorney locator can be found on the Internet at http://www.abanet.org/lawyerlocator/searchlawyer.html

The Bar Association of the District of Columbia has a Lawyer Referral Service that can be reached at 202-296-7845.

The Electronic Frontier Foundation is an organization that seeks to protect the rights of Internet users. They have created a website that lists attorneys who have volunteered to consult with people in your situation and contains further information about the lawsuit that has been filed against you as well as similar lawsuits:

https://www.eff.org/issues/file-sharing/subpoena-defense

OTHER ISSUES REGARDING THE LAWSUIT AGAINST YOU

To maintain a lawsuit against you in the District Court for the District of Columbia, the court must have personal jurisdiction over you. You may be able to challenge the District Court for the District of Columbia's personal jurisdiction over you. However, please note that even if your challenge is successful, the Plaintiff can still file against you in the state in which a court has personal jurisdiction over you.

If you are interested in discussing this matter with the Plaintiff's attorneys, you may contact them by telephone at (877) 223-7212, by fax at (866) 874-5101 or by email at subpoena@dgwlegal.com. Please understand that these lawyers represent the company that sued you. They can speak with you about settling the lawsuit, if you wish to consider that. You should be aware that if you contact them they may learn your identity, and that anything you say to them can later be used against you in court.

You should not call the Court.

Again, you may wish to retain an attorney to discuss these issues and your options.

Very Truly Yours,

Bruce Gluckman
Deputy General Counsel

Enclosure

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | | |
|---|---|---|
| Voltage Pictures, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:10-cv-00873-RMU |
| DOES 1-5,000 | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Mediacom Communications Corporation, Attn: Custodian of Records,
     100 Crystal Run Road Middletown, NY 10941; Fax: 845-695-2669

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Pursuant to the attached order, provide the name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses of all individuals whose IP addresses are listed in the attached spreadsheet.

| Place: Nicholas A. Kurtz, Dunlap, Grubb & Weaver, PLLC | Date and Time: |
|---|---|
| 1200 G Street, NW Suite 800, Washington, DC 20005 | 01/31/2011 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  09/21/2010

```
CLERK OF COURT
                                          OR  _____
_____                       Attorney's signature
Signature of Clerk or Deputy Clerk
```

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  ____Plaintiff____
Voltage Pictures, LLC _____ , who issues or requests this subpoena, are:
Nicholas A. Kurtz, Dunlap, Grubb & Weaver, PLLC, 1200 G Street, NW Suite 800, Washington, DC 20005
Tel: 877-223-7212, Fax: 866-874-5101, email: subpoena@dgwlegal.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).